UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------------X

DANIEL O'CALLAGHAN, *Pro Se*,

                     *Plaintiff,*

                  -*v.*-

HONORABLE X, in past or present official
capacity as Judge of the Court of Common Pleas of
Northampton County, Commonwealth of Pennsylvania
and (HON.) X, in individual capacity; HONORABLE
Y, in past or present official capacity as Judge of the
Court of Common Pleas of Northampton County,
Commonwealth of Pennsylvania and (HON.) Y, in
individual capacity; and any/ all other Judge(s) of the
Court of Common Pleas, Commonwealth of Pennsylvania,
who may replace such Honorable X and/ or Honorable Y
as Judge upon *O'Callaghan v. Saveri*, Docket No.
C-48-CV-2012-7551, Court of Common Pleas of
Northampton County, Commonwealth of Pennsylvania,
in past or present official capacity as judge of the
Court of Common Pleas, Commonwealth of
Pennsylvania and in individual capacity,

                  *Defendant(s).*

-----------------------------------------------------------------------X

**COMPLAINT**

- and -

**Demand for Jury Trial**

*Civil Action No.*

**FILED**

NOV 1 6 2016

LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

Plaintiff Daniel O'Callaghan, *Pro Se*, as his Complaint alleges as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1.      This is an action for declaratory and injunctive relief resulting from the

deprivation of a right, privilege or immunity secured to Plaintiff *Pro Se* which arises under the

Federal Rights of Privacy and Access to Courts and the Fourteenth Amendment to the United

States Constitution, which presents due process and equal protection claims arising under said

Complaint 1116

1

Fourteenth Amendment as well as such deprivation under color of law of the Commonwealth of Pennsylvania (the "**Commonwealth**").

2.      Relief is sought under provisions of 42 U.S.C. §§ 1983 and 1985 (3) and 28 U.S.C. §§ 2201 and 2202 and under the laws of the Commonwealth of Pennsylvania. Jurisdiction is conferred upon this Court under provisions of 28 U.S.C. §§ 1331 and 1343.

## PARTIES

3.      Plaintiff Daniel O'Callaghan, *Pro Se*, is a resident/ citizen of Bangor, Pennsylvania, with street/ post office address at 900 Block, Chestnut Street, Bangor, PA 18013.

4.      Defendant Honorable Stephen G. Baratta, in past or present official capacity ("**Judge Baratta**" or "**Hon. X**") is now and was at all times relevant to this action a Judge and President Judge of the Court of Common Pleas of Northampton County, Commonwealth of Pennsylvania.

5.      Defendant (Hon.) Stephen G. Baratta, in individual capacity ("**Judge Baratta**" or "**Hon. X**") is now and was at all times relevant to this action a citizen and a Judge and President Judge of the Court of Common Pleas of Northampton County, Commonwealth of Pennsylvania.

6.      Defendant Honorable Michael J. Koury, Jr., in past or present official capacity ("**Judge Koury**" or "**Hon. Y**") is now and was at all times relevant to this action a Judge of the Court of Common Pleas of Northampton County, Commonwealth of Pennsylvania.

7.      Defendant Honorable Michael J. Koury, Jr., in individual capacity ("**Judge Koury**" or "**Hon. Y**") is now and was at all times relevant to this action a citizen and a Judge of the Court of Common Pleas of Northampton County, Commonwealth of Pennsylvania.

8.      In addition, "Defendants" are identified as any/ all other Judge(s) of the Court of Common Pleas, Commonwealth of Pennsylvania, who may replace said Honorable X and/ or Honorable Y as Judge upon the *O'Callaghan v. Saveri*, Docket No. C-48-CV-2012-7551, Court

Complaint 1116                                                 2

of Common Pleas of Northampton County, Commonwealth of Pennsylvania, and said "Defendants" are now and were at all times relevant to this action Judge(s) of the Court of Common Pleas, Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

9.    Plaintiff moved to Bangor, PA, in 2002 – semi-retirement.

10.   Plaintiff is 72 years of age and a New York attorney since 1976.

11.   Plaintiff served in the U.S. Navy for 8 years, Submarine Service, Nuclear Reactor Operator / Vietnam War period.

12.   Plaintiff earned a JD and served on the Law Review, Loyola Law School.

13.   Plaintiff is admitted to practice before the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, multiple United States Courts of Appeals including the Second and Third Circuit and the Supreme Court of the United States.

14.   MS ("MS") was Bangor Borough Council President for many years (until 2013), as well, Bangor Borough Authority administrator for many years – and to date.

15.   MS was observed on a regular basis – at least 10 times per month – for years to have Bangor Police on/ about MS's driveway, front lawn/ front door.

16.   Plaintiff's 7/31/12 Commonwealth of Pennsylvania Complaint is/ was legitimate – presented a well-documented 2-year grievance: nuisance, i.e., then two (2) (Goodman) ACs 70+ dB directed (i) at Plaintiff's residence and (ii) at Bangor Borough Park.

17.   Unfortunately, Plaintiff's neighbor -- for decades the Bangor Borough Council President and Bangor Borough Authority Administrator -- thereupon retained local counsel,

Complaint 1116                                     3

"RK, Esq." ("**RK, Esq.**") -- for 20+ years the partner of the Hon. A, a Judge or Senior Judge in the Court of Common Pleas, Northampton County, Commonwealth of Pennsylvania.

18.     Promptly, (i) RK, Esq. presented (i) a baseless "Counterclaim" grounded upon 42 Pa. C.S.A. § 2503 (7) and (9) ("**§ 2503 Claim**") and (ii) Judge D on 3/27/14 unfairly supported said baseless Counterclaim and now, (iii) regrettably, in support, Judge Baratta and Judge Koury have erred.

19.     The Constitution of the Commonwealth of Pennsylvania provides, in part:

## Article 1
## DECLARATION OF RIGHTS

*(i)      That the general, great and essential principles of liberty and free government may be recognized and unalterably established, WE DECLARE THAT -*

....

**(ii)     Freedom of Press and Speech; Libels**
**Section 7.**

.... The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. No conviction shall be had in any prosecution for the publication of papers relating to the official conduct of officers or men in public capacity, or to any other matter proper for public investigation or information, where the fact that such publication was not maliciously or negligently made shall be established to the satisfaction of the jury; and in all indictments for libels the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.

....

**(iii)    Right of Petition**
**Section 20.**

The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes by petition, address or remonstrance.

....

**(iv)    Reservation of Powers in People**
         **Section 25.**

To guard against the transgressions of the high powers which we have delegated, we declare that <u>everything in this article is excepted out</u> of the general powers of government and <u>shall forever remain inviolate.</u>

....

20.    This Complaint addresses Judge Z who -- <u>absent jurisdiction</u> -- nonetheless promoted both said Judge's decades-long partner, RK, Esq. and decades-long Slate Belt attorney friend JM (**"JM, Esq."**) to pursue a <u>baseless legal action</u> against this recent Bangor homeowner.

21.    Upon information and belief, for decades <u>JM, Esq.</u> has been Solicitor for Bangor Borough Authority at which MS is and has been for years Administrator , as well, for years Bangor Borough Council President.

22.    More, upon information and belief, JM, Esq. has been Solicitor for Borough of Wind Gap while Attorney RK has been Solicitor for Upper Mount Bethel Township and Judge D a Pen Argyl native maintains significant Bangor/ Roseto/ Pen Argyl (Slate Belt) interests.

23.    This Complaint also concerns a third Judge, the Honorable Michael J. Koury, Jr. (**"Judge Koury"** or **"Hon. Y"**) likewise who has made impossible this litigant's (Plaintiff's) ability to have any fair proceedings in the Northampton County Court(s), *i.e.*, regrettably, Judge Koury joins Judge Baratta, Judge D and Judge Z in an unfair effort to silence the witness in order to promote unjustified gain to Attorney RK's firm and client(s) (MS) as well support interests of JM, Esq.

24.    Respectfully, this should have been the **simplest of cases** -- <u>for 9 years</u>, Plaintiff (and family) and MS family lived as cordial -- "across the street" -- "neighbors".

25.    However, in <u>2011</u>, <u>noise nuisance</u> was produced by MS's new air conditioning system (<u>2 ACs</u>), one directed at Plaintiff's home, other, at Bangor Park.

26. In consequence, Plaintiff has become victim of a tortfeasor, MS, who for decades has controlled the Bangor Borough and Bangor Authority.

27. On 3/4/13, at pages 31-35, (now, Federal) Judge determined the law: **both private nuisance and public nuisance stated** by Plaintiff, *i.e.*, *the law of the case*.

28. On/ about 8/29/14 (Motions Court), Plaintiff's case was assigned by Judge Baratta to Judge B, stating: *"You're going to like Judge ..."*.

29. The motion sought to add *"Fraud"* in an amended complaint upon additional facts and circumstances which include MS's (i) *"alteration"* of Goodman AC system, soon, (ii) secret/ surreptitious removal of one (1) large offending Goodman AC from Defendants' property to a place unknown/ condition/ existence unknown, (iii) a *de facto* crime, 18 Pa. Cons. Stat. § 4910, "Tampering, etc." (*see* annexed "**Ex A**").

30. Upon argument, Judge B authorized presentation of fraud in an amended complaint -- upon motion.

31. 3 days later – (i) Judge B was side-lined, replaced by ... Judge Baratta, and (ii) three (3) months later, Judge Baratta issued the threatening 11/24/14 Order.

32. **Within 3 days of Judge Baratta's 11/24/14 Order, Defendants further altered the facts on the ground** -- *viz.*, removed (likely at night) one (1) offending Goodman AC – *i.e.*, 70+ dB directed at Plaintiff's residence (and Bangor Park) – notwithstanding 18 Pa. Cons. Stat. § 4910, "*Tampering ... with evidence.*"

33. MS's decades-long AC contractor – "**Renaldo**" -- at the residence for 3 (summer) months at least, 2009-2014, upon a Plaintiff subpoena produced only 3 pages (2013-2014) of requested AC records.

34.    Nonetheless, these few pages identify **two (2) outside AC's** as well another AC in (large) attic and another AC in (large) basement, *i.e.*, outside ACs, as well, two (2) additional other AC systems: attic/ basement.  (Renaldo documents annexed as "**Ex B**".)

35.    For clarification, the remaining offending AC (i) is the AC which faces Bangor Borough Park, and (ii) by RK, Esq. letter dated July 1, 2015, was identified as a Goodman CKL36-1L, which Goodman information identifies produces **78 dB**.  (RK, Esq. 7/1/15 letter and Goodman information annexed as "**Ex C**".)

36.    Plaintiff submits that the Saveris' "removal" of one (1) offending AC (at/ about 11/27/14) was/ remains a mechanism for fraud.

37.    Plaintiff's concern is not solely obvious "facts on the ground" – *i.e.*, upon "expert" investigation -- rather, concern for "fraud" plan/ scheme – regrettably, with assistance.

38.    Respectfully, Plaintiff requests an independent expert on and into the residence.

39.    Year(s) ago, Plaintiff requested a "Sheriff" to investigate/ measure dB, etc., then useful, however, that request not allowed.

40.    Accordingly, (i) as neither … Plaintiff nor … Northampton County Court … were advised of … alteration -- (ii) as counsel for MS – RK, Esq. -- continued/ continues in presentation of … baseless Counterclaim; (iii) as said RK, Esq. continues in false representation: "*It's always been quiet*", Plaintiff presents this Amended Complaint upon the facts/ circumstances outlined.

41.    Upon Northampton County Court 8/29/14 assignment -- subsequent to oral argument -- Judge B authorized Plaintiff's presentation of a (fraud) Amended Complaint.

42.     Immediately Judge B was replaced by Judge Baratta, regrettably, (i) who now has joined Judge D and Judge Z in an unfair effort to silence this Plaintiff witness – more, (ii) apparently to promote unfair benefit to RK, Esq.'s firm and clients, *viz.*, MS.

43.     Judges D and Z and Judge Baratta -- as well, MS and counsel, RK, Esq. and JM, Esq. -- essentially are contemporaries and lifelong associates in the small Roseto/ Bangor community.

44.     Judge Z was RK, Esq.'s law partner for decades in said community, and MS's close relative was a law clerk in said Judge Z and RK, Esq.'s law firm.

45.     Plaintiff sought to present argument 9/2/14 to Judge Baratta, who stated: (i) *"I'm not interested ... I'm not interested"*, *"No interest"*, (ii) stated before Courtroom Staff and (iii) audience of numerous lawyers and citizens (at least 50 persons) -- the second time, walking away from Plaintiff.

46.     Thereupon, Judge Baratta engaged in case factual discussion and legal argument solely with Attorney RK, *i.e.*, MS's counsel and decades-long partner of Judge Z.

47.     In/ about early 2014, Plaintiff filed a Motion for Sheriff -- rationally, Plaintiff chose an independent – *i.e.*, Northampton County Sheriff – not local police -- to investigate the 70+ dB noise level, a misdemeanor, at MS's residence.

48.     Thereby, Plaintiff sought information which had not been presented/ produced.

49.     In open Court, **9/2/14** -- in a loud voice to the entire assembly (lawyers/ Court personnel/ witnesses -- at least 50 persons) -- Judge Baratta stated: *"The infamous AC case."*

50.     Judge Baratta then looked directly at Plaintiff -- who had arrived at counsel table, then, stated in a loud voice: *"No one wants your case!"*

51.     Plaintiff stood to provide response, however, RK, Esq. began to speak and Judge Baratta listened attentively to RK, Esq.'s statement(s) that Plaintiff "*even wanted a Sheriff!*"

52.     RK, Esq. stated rubrics of Preliminary Objection practice, *e.g.*, scandalous/ impertinent, etc. -- Plaintiff responded: "... *wanted just a minute* to identify chronology."

53.     Judge Baratta stated: "*I'm not interested. I'm not interested*", walked away from Plaintiff -- then stated "*No interest*", and thereupon, immediately heard RK, Esq.'s argument.

54.     Upon Plaintiff's restated proposal for **one (1) minute argument**, "... *as not just 'briefs'*," Judge Baratta, shaking head, again stated: "*I'm not interested*".

55.     Immediately, Judge Baratta called next case.

56.     Plaintiff's "*one minute*" was never heard -- in effect, (i) Judge Baratta enabled RK, Esq. to earn a 90+ minute attorneys' fee upon "argument" -- (ii) more, said "fee" claimed in a baseless § 2503 case -- against Plaintiff -- (ii) as authorized by Judge D "*at the pleading stage*" -- (iv) albeit absent any factual support, *e.g.*, statement of RK, Esq.'s § 2503 claim.

57.     **Attorneys' obligation:** all professional rules this Plaintiff (attorney) ever has experienced mandate that said attorney may "*DKI*" a pleading only when such DKI is obviously true and meritorious.

58.     Regrettably, here, (i) MS's have had *Goodman AC*'s in ground for several years -- (ii) bought and paid for -- *i.e.*, received receipt, warranty, "tech manuals", etc., etc.

59.     MS's must know: **make, model, serial number, etc.**, similarly, (i) any retained attorney -- *e.g.*, RK, Esq. -- professionally is required to meet the same standard, (ii) must know: how could RK, Esq. not know? ..., thus, *NO DKI – MUST ANSWER.*

60.     Judge Baratta's **strike <u>with prejudice</u>** <u>all</u> of Plaintiff's "New Matter", *viz.*, (<u>Internet</u>) listings of Goodman AC models – <u>all above 70 dB</u> -- <u>violates due process</u>, as such (i) unfairly positions benefit to MS, (ii) MS's counsel, RK, (iii) including baseless financial benefit.

61.     Respectfully, <u>this</u> should have been an occasion for <u>summary judgment</u>: (i) MS's counsel, RK, <u>must</u> know and <u>identify</u> <u>AC make, model, serial number</u>, etc., more, (ii) the surreptitious removal of AC appears a <u>crime</u>, 18 Pa. Cons. Stat. § 4910, ... *"Tampering ... physical evidence."*

62.     Respectfully, due process requires (i) a fair/ impartial Judge (ii) reasonable discovery, (iii) <u>access</u> to MS's residence, (iv) access to all ACs/ all records, and (v) *vacatur of* Judge Baratta's open-Court *"**Denied!**"* all discovery to Plaintiff via "scream" (6/26/15) -- then, <u>No "order"</u> issued.

63.     At a 6/26/15 Court proceeding, Plaintiff sought to pursue injunction remedy and enforcement of discovery in many-months-outstanding (<u>unopposed</u>) three (3) ("discovery") motions, dated 2/13/15, 3/9/15, and 5/19/15.

64.     At said 6/26/15 Court proceeding, upon Plaintiff's identification of said three (3) discovery motions, Judge Baratta (i) stated: *"**I am sick and tired of your pleadings**"* or words to that effect, then (ii) upon Plaintiff's identification of discovery request/ long-pending motions re same, Judge Baratta *screamed*: *"**Denied!**"* – however, <u>no order</u> issued, entered.

65.     Instead, by Order dated 6/26/15, Judge Baratta scheduled <u>trial</u>: October 19, 2015.

66.     Subsequently, upon Order dated 9/4/15, Judge Baratta (i) precluded all motions and (ii) notwithstanding <u>no</u> discovery, (iii) <u>no</u> pretrial conference, (iv) <u>no</u> pretrial order, Judge Baratta reiterated the date scheduled for <u>trial, October 19, 2015</u>. (Annexed as "**Ex D**" are 2/13/15, 6/26/15 and 9/4/15 Orders.)

67.     On October 19, 2015, at the ordered "trial", Judge Baratta was absent.

68.     Thus, the Honorable Michael J. Koury, Jr. ("**Hon. Y**" or "**Judge Koury**"), conducted a trial which enforced Judge Baratta's "No Discovery" consequences, *e.g.*, repeated perjury by the Defendants, nonetheless, no discovery authorized so as to challenge.

69.     Although Judge Baratta had ordered that all proceedings be presented/ conducted solely by said Judge Baratta, upon the morning of trial, Judge Baratta did not appear.  Instead, another judicial official, Judge Koury, appeared.

70.     Plaintiff informed Judge Koury that timely Plaintiff had served a discovery request upon Defendants – now, nearly two (2) years ago.

71.     Said Plaintiff discovery included request to inspect Defendants' property/ AC equipment by an AC expert:  thereupon, the removed AC may/ could have been documented.

72.     Plaintiff advised Judge Koury that Defendants had not responded/ objected in any manner to said timely served Plaintiff discovery requests/ nor presented any counter discovery request.

73.     Plaintiff informed Judge Koury that Plaintiff had sought (State) Court enforcement of Plaintiff's discovery requests – in three (3) Motions, *viz.*, dated 2/13/15, 3/9/15 and 5/19/15.

74.     However, on June 26, 2015, in open (State) Court – before dozens of attorneys/ Court staff and other persons present -- Judge Baratta had "*Denied*" Plaintiff's discovery enforcement *via Scream*, "***Denied!***".

75.     Judge Baratta did not include such complete discovery denial in any written order – although a written order re the June 26, 2015 proceeding was issued.

76.    There occurred a brief conference between Plaintiff and defense counsel, Ronold Karasek, Esq., ("**RK**") so as to explore settlement.

77.    In said conference, Plaintiff offered to withdraw the small damages claim if defendants would "reduce" the 78 dB noise nuisance to a dB level in accordance with the Easton/ Bethlehem/ Pen Argyl Ordinances, as addressed (55/60 dB day/ night).

78.    Shortly, in open Court, defense counsel RK stated that defendants rejected any settlement, rather pursued the Counterclaim, including *Dragonetti* remedy.

79.    In sum and substance, Plaintiff testified re: noise and dB measurements and predictable nuisance consequences, however, most of Plaintiff few "exhibits" denied admission into evidence -- *i.e.*, no discovery, thus, defendants' "admissions" ruled *"hearsay"*.

80.    Plaintiff had not been informed of the identity (or existence) of any witnesses – other than the parties although Plaintiff had presented a motion for pretrial conference (8/31/15).

81.    However, Judge Baratta failed to grant a pretrial conference or enter a pretrial order – indeed, Judge Baratta failed to address said Plaintiff request.

82.    Instead, Judge Baratta directed trial for October 19, 2015, thus, case placed on trial absent all (Plaintiff timely-requested) discovery or any pretrial conference/ order.

83.    Plaintiff's discovery requests (6 pages) timely were served in early 2015. However, Defendants neither responded nor objected nor sought any discovery.

84.    At trial, Defendants presented several witnesses; however, Plaintiff did not receive notice that such witnesses would be presented nor what their testimony would be. Plaintiff testified but did not present any witnesses.

85. Timely (in <u>Fall, 2014</u>), Plaintiff had subpoenaed defendants' AC contractor -- Renaldo -- records. However, Renaldo -- this decades-long AC contractor -- produced only <u>three (3) pages</u> re defendants' AC system.

86. Notwithstanding request to enforce subpoena upon Renaldo -- included in Plaintiff's three (3) discovery motions -- Judge Baratta declined to enforce the subpoena *via* "*Scream*" -- notably, thereafter, absent all written order.

87. However, said Verdicts did <u>not</u> address the counterclaim, thus, pursuant to State appellate rules, appear <u>not</u> "final", as said Verdicts did not dispose of all claims.

88. Plaintiff asserts that Judge Baratta and Judge Koury unfairly structured the pre-trial and the trial so as to assure that Plaintiff would not/ could not prevail.

89. Respectfully, Plaintiff asserts: the State nuisance action was structured unfairly by Judge Baratta/ Judge Koury so as to assure impossible for Plaintiff to prevail, rather, that the Counterclaim proceed for <u>money</u> against Plaintiff -- absent all defense.

90. Plaintiff filed a "*Motion for Finality Determination and Request for New Trial after Discovery*" ("**Motion/ Finality/ New Trial**") -- praeciped for November 13, 2015.

91. Thereupon, Judge Koury <u>twice</u> postponed the hearing date, *i.e.*, to November 25, 2015, then, to December 11, 2015.

92. However, on <u>December 2, 2015</u>, Judge Koury <u>denied</u> the Motion for Finality/ New Trial "*without consideration*". (Copy of 12/2/15 Order annexed as "**Ex E**").

93. Upon the 12/2/15 Order "*Denial of finality determination*", timely, Plaintiff filed a *Petition for Review* dated 12/24/15 (the "**Petition**") with the Clerk's Office, Superior Court of Pennsylvania.

94.     Said Petition was filed with the Superior Court on 12/29/15 and served 12/29/15 upon the Court of Common Pleas, Hon. N and the parties.

95.     The *Transcript* of the October 19, 2015 trial was ordered/ payment transmitted October 31, 2015.  However, said transcript -- a few hours "trial" -- was not received until March, 2016, *i.e.*, six (6) months later.  More, said transcript appears inaccurate at some important places.

96.     On October 20, 2015 -- the day after trial -- Judge Koury issued two (2) Verdicts -- which appear prepared in advance for a jury trial. The Verdicts denied all Plaintiff nuisance claims, however, which Verdicts did not address State defendants' counterclaim.

97.     Pursuant to State appellate rules, said "Verdicts" are not a "final order", *i.e.*, do not dispose of all claims.  Thus, Verdicts are interlocutory, *i.e.*, not presently appealable.

98.     Timely, Plaintiff filed a *"Motion for Finality Determination and Request for New Trial after Discovery"* (**"Motion/ Finality/ New Trial"**) – praeciped for November 13, 2015. However, Judge Koury twice postponed the hearing date, then, on December 2, 2015, denied the Motion *"without consideration"*.

99.     Upon the 12/2/15 Order, timely, Plaintiff filed a *Petition for Review* dated 12/24/15 with the Superior Court of Pennsylvania.  Said Petition was filed with the Superior Court on 12/29/15 and as well served 12/29/15 upon the Court of Common Pleas, *i.e.*, Judge Koury, and the parties.

100.    *Transcript* of the October 19, 2015 trial was ordered/ payment transmitted October 31, 2015.

101.     By letter dated January 5, 2016, the Deputy Prothonotary, Philadelphia, Superior Court of Pennsylvania, notified Plaintiff that the Petition had been docketed/ filing fee "received" **January 5, 2016** – respectfully, the incorrect date.

102.     By letter dated January 11, 2016, Plaintiff requested that said Deputy Prothonotary correct the docket as the Petition and filing fee had been mailed *U.S. Express Mail* December 29, 2015 (Tuesday), and USPS-delivered to the Prothonotary on December 30, 2015 (Wednesday).

103.     Plaintiff's 1/11/16 letter to the Deputy Prothonotary enclosed the *U.S. Express Mail* label which documented the timely date/ time of deposit with Postal Service and timely date/ time of delivery to Prothonotary.

104.     On January 19, 2016, Plaintiff filed with the Court – *via U.S. Express Mail* -- a *"Motion to Correct Docket and Answer/ Opposition to Respondent (Saveris') Motion to Quash"*.

105.     Included in Plaintiff's Motion were copies of Postal Service records so as to establish the timely Petition, together with copies of *"Motion for Finality Determination, Etc."*, and *Brief/ Notice* as served upon State defendants and a copy of the transcript request.

106.     On/ about December 29, 2015, Plaintiff filed a *Petition for Review* with the Superior Court, Commonwealth of Pennsylvania.  However, said *Petition for Review* was not docketed for about 4 days -- then summarily denied.

107.     On/ about March, 2016, Ronold Karasek, Esq. ("RK") served a *"Petition for Attorney Fees in the Nature of a Bill of Costs"* (**"Attorneys Fee Application"**).  (Copy annexed as "**Ex F**").

108.    On April 8, 2016, the parties appeared before Judge Koury re: said Attorneys' Fee Application, and at said court appearance, Judge Koury engaged in a lengthy <u>whispered</u> conversation with RK.

109.    Thereafter, immediately, RK requested and was granted a continuance of said court appearance "*for two or three months*", and Judge Koury did <u>not</u> issue any order re the April 8, 2016 court appearance.

110.    On/ about October 8, 2016, RK served a praecipe for the non-jury trial list for December 12-16, 2016, re: "*Bill of Costs*" in the amount of nearly $25,000.

## Violations

111.    In so acting, Judge Baratta and Judge Koury have violated Plaintiff *Pro Se*'s due process and equal protection rights, *inter alia*, failure to require identification (and inspection) of ACs, thus, occurred/ continues intentional failure in production of evidence essential to a full, fair and prompt hearing, and thereby Judge Baratta "*withheld the evidence*"/ positioned perjury/ then, verdicts for the defendants, as well, a *Dragonetti* case, etc.

112.    Plaintiff *Pro Se* submits that grounded upon the above-identified facts and circumstances, Orders, etc., and other events:

i.    Plaintiff *Pro Se continues to sustain irreparable harm*, violation of Constitutional rights and many months of *continuing* prejudice and bias;

ii.    Plaintiff *Pro Se* has been treated differently from other similarly situated individuals and such selective treatment has been based on impermissible considerations – *which continue* -- such as Plaintiff *Pro Se*'s status and such *continuing* discrimination is unfair;

iii.    both in form and substance remedies provided by the State *continue* to remain inadequate, *e.g.*, Plaintiff *Pro Se* has been made subject to *continuing* bias and abuse as identified which continue at the center of unfair State proceedings;

iv.     Plaintiff *Pro Se* continues to be precluded from an adequate opportunity to raise Federal Constitutional challenges in the State courts and effectively continues to be driven from the courthouse;

v.      Plaintiff *Pro Se*'s deprivations have been accomplished and continue to be accomplished upon unconstitutional practices, together with continuing unfair selective enforcement;

vi.     there continues absent a meaningful remedy for identified losses and injuries, notwithstanding Plaintiff *Pro Se* has used/ continues to use remedies guaranteed by State law, *e.g.*, remedies available in the Northampton County Courts;

vii.    nonetheless, these available remedies continue to remain inadequate as demonstrated upon the facts addressed/ identified;

viii.   there has occurred and continues unfairness at proceedings in the State Courts and this has injured and continues to injure Plaintiff *Pro Se*'s Constitutional rights upon claims which seek effective civil remedies; and

ix.     Plaintiff has sought all other State remedies; and


x.      Now, upon the RK-demanded "trial" of "Bill of Costs" -- apparently concerning attorneys fees pursuant to Section 2503 -- Plaintiff is positioned by Judge Baratta and Judge Koury to be injured in at least the amount of a claimed $25,000 attorneys fee, if not more, upon (RK) trial preparation and the trial.

xi.     More, according to RK contention at trial October 19, 2016, Plaintiff has been positioned to be injured upon a future "*Dragonetti*" case -- in an as now unknown amount -- grounded upon Plaintiff's inability to prevail at a trial so unfairly positioned by Judge Baratta and Judge Koury through/ upon the continuing unfair/ illegal absence of all discovery to Plaintiff as accomplished by Judge Baratta on June 26, 2015 via "scream" **Denied!**" – then, and now, no "Order"!


## FIRST CLAIM FOR RELIEF: DECLARATORY RELIEF

113.    Plaintiff *Pro Se* repeats and realleges each and every allegation contained in Complaint ¶¶ 1-112, as if set forth in full herein at length.

Complaint 1116                                    17

114.    This is a claim for declaratory judgment for the purpose of determining a question of actual controversy between Plaintiff *Pro Se* against Judge Baratta and Judge Koury.

115.    Should Judge Baratta and/ or Judge Koury have violated Plaintiff *Pro Se*'s clearly established rights, *viz.*, right of access to courts and/ or Fourteenth Amendment guaranteed due process/ equal protection rights, and/ or committed a violation of 42 U.S.C. § 1983 and/ or 42 U.S.C. § 1985 (3) as identified in the aforesaid alleged facts and circumstances including that said injury shall recur, Plaintiff *Pro Se* requests that there be issued a declaratory judgment which determines Judge Baratta's and Judge Koury's <u>continuing</u> violation of said Federal rights and Federal statutes.

## SECOND CLAIM FOR RELIEF: INJUNCTIVE RELIEF

116.    Plaintiff *Pro Se* repeats and realleges each and every allegation contained in ¶¶ 1-115, herein, as if set forth in full herein at length.

117.    Plaintiff *Pro Se* has no plain, speedy or adequate remedy at law and therefore injunctive relief is necessary and both in form and substance the remedies provided by the Commonwealth are inadequate, *e.g.*, Plaintiff *Pro Se* has been made/ continues to be made subject to:

    i.    unfair Commonwealth County Court Judge(s) and unfair Commonwealth court practices/ procedures;

    ii.    unfair discriminatory treatment for exercise of Constitutional rights; and

    iii.    the harm to Plaintiff *Pro Se* is great, imminent and continuing and not to be undone and said harm shall continue through further proceedings.

118.    Plaintiff *Pro Se* requests declaratory and injunctive relief grounded upon the above facts/ circumstances and continuing irreparable injury and lack of adequate remedy at law which enjoins any/ all further interference/ violation of Plaintiff *Pro Se*'s Constitutional rights.

Complaint 1116

18

**WHEREFORE**, Plaintiff *Pro Se*, respectfully requests that this Court assume jurisdiction and grant the following relief, including the grant of injunctive relief, together with declaratory relief, which includes but is not limited to the following:

i.    a declaration of violation of 42 U.S.C. § 1983;

ii.    a declaration of violation of 42 U.S.C. §1985 (3);

iii.    a declaration of violation of Plaintiff *Pro Se*'s Fourteenth Amendment rights to due process of law and equal protection of the laws;

iv.    grant of injunctive relief pursuant to 42 U.S.C. §§ 1983 upon the grounds identified herein; and

v.    grant of the costs/ disbursements/ fees of this action, and such other and further relief as the Court deems just and proper.

<u>**PLAINTIFF *PRO SE* DEMANDS TRIAL BY JURY OF ALL CLAIMS FOR RELIEF**</u>

Dated: Bangor, Pennsylvania
       November 9, 2016

**DANIEL O'CALLAGHAN**
**Plaintiff *Pro Se***
979 Chestnut Street
Bangor, Pennsylvania  18013
(484) 707-7926

Complaint 1116

19