IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL O'CALLAGHAN,

    Plaintiff,

v.

HON. X and HON. Y,

    Defendants.

CIVIL ACTION
NO. 16-6097

**MEMORANDUM OPINION**

**Schmehl, J.** /s/ JLS                                                                           August 29, 2017

**I.**     **INTRODUCTION**

Plaintiff, Daniel O'Callaghan ("Plaintiff"), has filed this pro se action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, naming as Defendants "Hon. X" whom he identifies as the Honorable Stephen G. Baratta and "Hon. Y," whom he identifies as the Honorable Michael J. Koury, Jr. Plaintiff's Complaint is difficult to comprehend, but appears to pertain to litigation in the Northampton County Court of Common Pleas that he commenced against a neighbor over an allegedly noisy air conditioner, O'Callaghan v. Saveri, C-48-CV-2012-7551.

Plaintiff alleges that Hon. X/Judge Baratta presided over his state court action until the time of trial, when he "failed to appear," leading Hon. Y/Judge Koury to preside. He alleges both judges violated his civil rights by not enforcing his discovery requests, allowing his opponent to argue at length, then refusing to allow Plaintiff to present arguments, showing bias and favoritism during the trial, and unfairly striking Plaintiff's New Matter.

Plaintiff filed multiple "motions" with this court that were in fact status updates of his state court matter. I note that Plaintiff had previously filed suit for the exact same conduct in this Court, and that I dismissed Plaintiff's Complaint with prejudice on January 29, 2016. My decision was affirmed by the Third Circuit on September 2, 2016.

In the instant matter, Plaintiff claims to be seeking a declaratory judgment that his civil rights have been violated by Defendant Judges, as well as injunctive relief against Defendant Judges. For reasons set forth below, Plaintiff's Complaint is dismissed with prejudice.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery

will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

### III. DISCUSSION

Plaintiff sues both Judges in their official and individual capacities. First, Plaintiff's official capacity claim against Defendant Judges is barred by the immunity set forth in the Eleventh Amendment to the United States Constitution. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and Defendant Judges must be dismissed from this action with prejudice in their official capacities.

Suit brought against a state official in their official capacity is deemed a suit against the state, Kentucky v. Graham, 473 U.S. 159, 166 (1985), and absent a state's consent to be sued, all states and state entities are entitled to immunity under the Eleventh Amendment. Lombardo v. Pennsylvania Dept. of Public Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008). Claims such as the instant ones brought under 42 U.S.C. § 1983 are subject to the Eleventh Amendment. Chilcott v. Erie Co. Domestic Relations, 283 Fed. Appx. 8, 10 (3d Cir. 2008). The official capacity suit against Defendant Judges is actually a suit brought against the Court of Common Pleas of Northampton County, which is an entity of the Commonwealth of Pennsylvania, as all courts of the unified judicial system are part of "Commonwealth government" and thus are state agencies. 42 Pa.C.S.A. § 102, Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000). As statute provides that the Commonwealth and its officials are immune from suit, and such immunity includes the court system, Defendant Judges in their official capacities are immune from suit in this matter. See Benn v First Judicial District, 426 F.3d 233, 241 (3d Cir. 2005)

(finding the Philadelphia Court of Common Pleas is entitled to federal Eleventh Amendment immunity.)[1]

Further, to the extent Plaintiff is seeking injunctive relief against Defendant Judges, this claim also fails. The Federal Courts Improvement Act was enacted in 1996 to extend judicial immunity to injunctive relief as well as to damages, unless a declaratory decree was violated or declaratory relief was unavailable. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). In this matter, Plaintiff has not alleged, and there is no evidence that, a declaratory decree was violated or declaratory relief was unavailable. Accordingly, Plaintiff's claim for injunction relief is barred.

In addition, Plaintiff's claims against Defendant Judges in their individual capacities are barred by the doctrine of absolute judicial immunity. Judges have absolute immunity from all acts taken in their judicial capacity, including immunity from section 1983 claims. Dennis v. Sparks, 449 U.S. 24, 27 (1980). A judge individually is absolutely immune from suit as long as 1) he has jurisdiction over the subject matter before him, and 2) he is performing a judicial act. Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Clearly, Defendant Judges had jurisdiction to preside over Plaintiff's state court action, as they are Judges in the Court of Common Pleas of Northampton County. To determine whether an act complained of is judicial in nature, the court uses a functional approach that examines whether the act is normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. Rush v. Wiseman, 2010 WL 1705299, at *8 (E.D. Pa. Apr. 27, 2010). A "[l]ack of formality" does not convert a judicial act into a non-judicial one. Stump, 435 U.S. at 360 (rejecting plaintiff's argument

---

[1] In addition, judicial actors are not persons under § 1983. See, e.g., Callahan v. City of Philadelphia, 207 F.3d 668, 673-74 (3d Cir. 2000).

that approval of sterilization petition was not a judicial act because the petition was not given a docket number, was not placed on file with the clerk's office, and was approved in an *ex parte* proceeding without notice or a hearing). For the sake of argument, I find that any decision made or any action taken by Defendant Judges in Plaintiff's Northampton County case, even if those decisions were made with disinterest or lack of attention, as alleged, were indeed judicial acts for which Defendant Judges have judicial immunity. Therefore, any individual capacity claims brought by Plaintiff against Defendant Judges are barred by the doctrine of absolute judicial immunity.

Finally, even if immunity did not bar Plaintiff's suit in this matter, I am barred from considering Plaintiff's claims by the doctrine of collateral estoppel. The allegations contained in this matter are virtually identical to the allegations contained in O'Callaghan v. Hon. X, Case No. 15-1716, which I dismissed with prejudice in January of 2016. Both complaints set forth the same alleged misconduct. The only difference is that the instant complaint names Judge Koury, the trial judge, as a defendant.

Under collateral estoppel, also known as claim preclusion, a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed. Appx. 149 (3d Cir. 2008). Courts employ a "broad view" when determining what constitutes the same cause of action, Sheridan v. NGK Metals Corp., 609 F.3d 239 (3d Cir. 2010), and factual differences in a subsequent suit cannot overcome res judicata because the focus is on the "essential similarity of the underlying events giving rise to the various legal claims." Lewis v. Smith, 361 Fed. Appx. 421, 424 n.5 (3d Cir. 2010).

In this matter, Plaintiff's claims arise from the identical issue, the conduct and rulings of Defendant Judges in his state court proceeding. I dismissed those claims in Plaintiff's prior suit, and Plaintiff cannot bring them again in the instant matter.

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is granted and this matter is dismissed with prejudice.[2]

---

[2] Plaintiff filed multiple "motions" and exhibits, in which he sought to inform the court of the status of the state court matter that he claimed was the basis for the instant federal suit. (See Dkt Nos. 5, 12 and 13.) Although these documents are not actually motions, I will grant them only to the extent Plaintiff is asking me to review the information contained therein. In deciding Defendants' Motion to Dismiss, I have reviewed all information provided by Plaintiff in said motions and exhibits.